UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **VLADIMIR GIRFANOV #A200-045-249** | **CASE NO. 6:18-CV-01292 SEC P** |
| **VERSUS** | **UNASSIGNED DISTRICT JUDGE** |
| **JEFF SESSIONS ET AL** | **MAGISTRATE JUDGE WHITEHURST** |

### REPORT AND RECOMMENDATION

Before the Court is a petition for writ of habeas corpus (28 U.S.C. § 2241) filed by pro se Petitioner Vladimir Girfanov. Petitioner is an immigration detainee in the custody of the Department of Homeland Security / U.S. Immigration and Customs Enforcement ("DHS/ICE"). He is detained at the Pine Prairie Correctional Center, in Pine Prairie, Louisiana. Petitioner alleges that his continued detention is unconstitutional under *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001) [Rec. Doc. 1].

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court.

### *Procedural History*

Petitioner is a native and citizen of Russia, who came to the United States on a Work and Travel program with a J-1 Visa in May 2010. [Rec. Doc. 15-1, p. 1, ¶ 2] Petitioner was ordered removed by an immigration judge on November 28, 2016.

[Rec. Doc. 1-2, p. 4, ¶ 11] He appealed that decision and that appeal was dismissed on June 5, 2017. *Id*. He alleges that he has been in the custody of ICE since February 2, 2018 [Doc. 1, p. 6], and, therefore, that he has remained in ICE custody beyond the presumptively reasonable 6-month post-removal order period set forth in *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001).

However, on March 19, 2018, he filed a Motion to Reopen with the BIA. [Rec. Doc. 15-1, p. 1, ¶ 7.] On September 18, 2018, the BIA denied the Motion to Reopen. [Rec. Doc. 15-5.]

On May 29, 2018, he filed a Petition for U Nonimmigrant Status, Form I-918, with USCIS, based on a claim of physical and mental abuse by his wife. [Rec. Doc. 15-4.] On September 26, 2018, the USCIS determined Girfanov prima facie eligible for U Nonimmigrant Status. [Rec. Doc. 15-6.] The Government represents that because of this finding, requests for travel documents have not been made. On February 7, 2019, Petitioner filed an Application for Stay of Removal (I-246) [Rec. Doc. 15-7], which was denied on March 6, 2019 [Rec. Doc. 16-1, p. 7].

## *Law and Analysis*

Petitioner challenges his detention pending removal. The statute applicable to the detention of aliens under final orders of deportation, 8 U.S.C. § 1231(a)(1(A), and, thus, applicable to Petitioner, provides that the Attorney General has 90 days after an order of removal becomes final in which to effect an alien's removal. The

removal period begins on the latest of the following: 1) the date the removal order becomes administratively final; 2) the date of a court's final order if the removal order is judicially reviewed and the court orders a stay of the removal of the alien; or 3) the alien is released from detention or confinement (except under an immigration process). 8 U.SC. § 1231(a)(1)(B).

Although ICE has 90 days to remove an alien after he is ordered removed under 8 U. S. C. § 1231 (a) (1) (A), the Supreme Court has held that § 1231 permits the detention of criminal aliens beyond 90 days, for a period reasonably necessary to bring about that alien's removal from the United States. The presumptively reasonable six-month removal period begins with the beginning of the removal period, when the order of removal becomes final. *Zadvydas v. Davis*, 285 F.3d 398, 403 (5th Cir. 2002), *citing Zadvydas v. Davis*, 533 U.S. 678 (2001); *see also, Guo Xing Song v. U.S. Attorney General*, 516 Fed. Appx. 894, 899 (11th Cir. 2013); *Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 n. 3 (11th Cir. 2002); *Idowu v. Ridge,* 2003 U.S. Dist. LEXIS 13503, 2003 WL 21805198, *3 (N.D.Tex. 2003)(citing cases). Thus, the Supreme Court and the Fifth Circuit have both found that the presumptively reasonable six-month removal period includes the statutory 90-day removal period.

To meet his burden under *Zadvydas*, Girfanov must allege facts that, if proven true, are capable of showing there is no significant likelihood of his removal in the

reasonably foreseeable future. *Andrade v. Gonzales*, 459 F.3d 538, 543 (5th Cir. 2006). Petitioner has fallen short of meeting this burden. The declaration of Richard Brooks, ICE Assistant Field Office Director, states that the request for travel documents has not yet been made due to the USCIS determining that Girfanov is prima facie eligible for U Nonimmigrant Status. [Rec. Doc. 15-1, p. 2, § 10].[1] These circumstances provide a reasonable basis for the determination to delay execution of the final removal order until the determination of status has become administratively final. *See Ruiz-Ibanez v. Holder*, No. 12-CV-533-JTC, 2013 WL 5964486 at *16 (W.D. N.Y. Nov. 8, 2013).

Moreover, Girfanov also places undue emphasis on the six-month presumptive period by seeking to effectively transform it into a *de facto* bright-line outer limit for the length of detention. The Fifth Circuit, in *Andrade v. Gonzales,* reiterated that the Supreme Court's holding in *Zadvydas* concerned civil confinement that was "not limited, but potentially permanent." *Id.* at 543 *(citing Zadvydas*, 533 U.S. at 691.) There, the Government had thrice failed to secure the transfer of an alien subject to a final order of removal, and could offer no promise of

---

[1] Petitioner contends that a May 5, 2018 Decision to Continue Detention, and an August 17, 2018 Decision to Continue Detention [Rec. Doc. 16-1, p. 6] which states that "ICE is currently working with the government of Russia to secure a travel document for your removal from the United States," contradict the government's statement that the request for documents has not been made due to the uncertainty of his status. However, Mr. Brooks' statement was made after Petitioner filed a Motion to Reopen with the BIA (on March 19, 2018), a Petition for U Nonimmigrant Status (filed May 29, 2018) and an Application for Stay of Removal (filed February 7, 2019). The government's position that travel documents have not been requested since the USCIS determined Petitioner prima facie eligible for U Nonimmigrant status is reasonable. Accordingly, this Court does not find that the government has intentionally misled the Court regarding the process, as Petitioner seems to allege in his Reply to Government's Response. *See* Rec. Doc. 16, p. 3.

future success, as all the nations to which the alien had ties had refused his admission on the ground that he was not a citizen. *Id*. *Zadvydas* thus created a "6-month presumption" of the validity of detention under § 1231, after which an alien could attack the reasonableness of his continued detention. The Court's decision creates no specific limits on detention, however, as "an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." *Id*. at 701. In that case, Andrade "offered nothing beyond his conclusory statements suggesting that he [would] not be immediately removed to Cape Verde following the resolution of his appeals," and the Fifth Circuit found his constitutional challenge to his detention to be without merit. *Andrade*, 459 F.3d at 543-544.

Here, taking the facts alleged in the petition as true, Girfanov's assertion that he will not be removed in the reasonably foreseeable future, supported only by the mere passage of time, is insufficient to meet his initial burden. *See Ruiz-Ibanez, supra*, at *18. He has not alleged facts that, if proven true, would show his detention threatens to be either indefinite or potentially permanent so as to run afoul of *Zadvydas* or violate due process.

Accordingly,

**IT IS RECOMMENDED** that this petition for writ of *habeas corpus* be **DENIED AND DISMISSED WITHOUT PREJUDICE**.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

THUS DONE in Chambers on this 3rd day of June, 2019.

                                                **Carol B. Whitehurst**
                                                **United States Magistrate Judge**